**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHEN D. THORNTON,

        Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

        Respondent-Appellee.

No. 02-7130
(D.C. No. 01-CV-288-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Petitioner seeks review of the denial of his petition for writ of habeas
corpus, brought pursuant to 28 U.S.C. § 2254. As required by 28 U.S.C.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2253(c)(1)(A), he requested a certificate of appealability (COA), which we granted as to the issue of whether the officer's unwarranted search was based on exigent circumstances. [1]

Petitioner was convicted in state court in Oklahoma of manufacturing methamphetamine. Oklahoma police were contacted by an informant, whose reliability was then unknown to them. The informant advised that petitioner had asked for Vicks inhalers in order to make methamphetamine. The officers placed a body wire on the informant and sent him with the inhalers to meet petitioner, after which they monitored the wire while petitioner showed the informant how to make the drug. As the officers were monitoring (and taping) the wire, they learned that petitioner had created a finished product. The officers then entered petitioner's home, where they noticed a strong chemical smell. In the kitchen they observed broken inhalers, methamphetamine in a Pyrex pie pan, a spoon, syringe, and muriatic acid. This evidence was seized and used at petitioner's trial.

On direct appeal, with new counsel, petitioner alleged that his constitutional rights were violated by the warrantless search of his home and seizure of the above-mentioned evidence. He also contended that trial counsel was

---

[1] Although he has also argued that his trial counsel was constitutionally ineffective for failing to challenge the search, petitioner did not seek a COA on that claim. Consequently, we deem it waived.

ineffective for failing to move to suppress the evidence. The Oklahoma Court of Criminal Appeals (OCCA) determined that the warrantless search was based on exigent circumstances and that the tape recording of the events inside petitioner's home provided the independent corroboration needed to establish the informant's trustworthiness. The OCCA further held that any motion to suppress would have been denied and therefore trial counsel was not ineffective for failing to file such motion.

The district court found the OCCA's decision on both issues to be consistent with federal law and denied the habeas petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. [2]

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), when the state courts have adjudicated a petitioner's claims on the merits, a federal court may

> grant a writ of habeas corpus only if the state adjudication of the claim (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . ,' § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding,' § 2254(d)(2).

---

[2] We need not consider the state's argument, raised for the first time on appeal, that *Stone v. Powell*, 428 U.S. 465 (1976), bars our consideration of petitioner's Fourth Amendment claim.

*Cook v. McKune,* 323 F.3d 825, 829 (10th Cir. 2003). In addition, we will presume correct any state court factual finding, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). It is petitioner's obligation to rebut that presumption. *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).

Under Supreme Court precedent, "police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). Petitioner claims there were no exigent circumstances because in the time it took to buy the inhalers, wire the informant, and monitor the conversation inside petitioner's home, police could have obtained a warrant. He further contends that the OCCA failed to quote any federal law in its summary opinion upholding his conviction. Pet'r Reply Br. at 6.

Here the police did not have probable cause for a warrant when they were approached by the unknown informant. Indeed, probable cause did not exist until they had monitored the wire long enough to become aware that petitioner had created a finished product. Prior to that time, the officers lacked sufficient information and adequate opportunity to seek a warrant. According to respondent, and not denied by petitioner, the officers then immediately gained entry to the residence. The OCCA held: "The potential for easy destruction of the evidence in this case provided the exigent circumstances needed to support the

warrantless search." Unpacking this statement, it consists of a factual finding that there was a potential for easy destruction of the evidence, and a legal conclusion that this constituted exigent circumstances. As to the factual finding, we have no basis for questioning the state court's conclusion – let alone the clear and convincing evidence required to overcome the presumption in favor of finality of the state court judgment.

As to the legal conclusion, we cannot grant relief unless the OCCA's conclusion was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. The Supreme Court has not provided detailed guidance regarding the scope of exigent circumstances, but cases recognize that the threat of imminent destruction of evidence, coupled with probable cause, can justify a warrantless entry and search. *See generally Schmerber v. California*, 384 U.S. 757, 770-71 (1966) (recognizing that "delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.'") (quoting *Preston v. United States*, 376 U.S. 364, 367 (1964). There is no Supreme Court decision contrary to the OCCA's holding in this case.

Petitioner's claim that the OCCA failed to quote federal law is also unavailing. The cases cited by the OCCA clearly evince that court's recognition of the proper constitutional standards applicable to alleged Fourth Amendment violations. We therefore conclude that petitioner has failed to establish that the

state court's decision was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge

02-7130, <u>Thornton v. Oklahoma</u>
**EBEL, Circuit Judge, dissenting**


I respectfully dissent. In my judgment, the Oklahoma Court of Criminal Appeals acted contrary to established Supreme Court law and unreasonably applied the facts of this case to established Supreme Court law in finding exigent circumstances in this case. I believe that the police could have obtained a search warrant based on the information they had before the informant ever entered the house. In any event, the main evidence of exigent circumstances – that the methamphetamine was about to become consumed – was not learned until after the police had entered the house and observed the syringe, etc. Exigent circumstances discovered as a result of an illegal search cannot be used to validate the illegal search. The other alleged exigent circumstances – that methamphetamine is explosive and cancer forming – is generic and would justify warrantless searches every time methamphetamine is suspected. On the facts of this case, I believe that the Oklahoma Court of Criminal Appeals acted contrary to established Supreme Court law and unreasonably applied the facts to established Supreme Court law.

For these reasons, I dissent.